Filed 3/18/13  P. v. Gloston CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WADE ALLEN GLOSTON,<br><br>    Defendant and Appellant. | F064287<br><br>(Super. Ct. No. MCR033375)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

_____

*Before Wiseman, Acting P.J., Levy, J., and Cornell, J.

## *PROCEDURAL AND FACTUAL HISTORIES*

On October 27, 2008, the Madera County District Attorney's Office filed a criminal complaint against Wade Allen Gloston alleging a single count of second degree burglary in violation of Penal Code section 459 (Madera case). Gloston entered a no contest plea, as charged, on December 12, 2008. Sentencing took place on January 26, 2009. The court suspended imposition of sentence and Gloston was placed on five years' formal probation. Among the terms and conditions of probation was an order to "[o]bey all laws, federal, state and local."

On April 7, 2011, the Madera Superior Court ordered that Gloston's probation be revoked and a bench warrant issued. In September of 2011, the superior court was advised by Gloston's federal defender that Gloston had been convicted in a federal criminal action and was serving five years in federal prison. Gloston's attorney in the federal case requested that Gloston's probation in the Madera case either be terminated or revoked and that he be sentenced in absentia. Gloston also signed a consent agreeing to this approach. This request was denied by the superior court with no reasons given.

On October 21, 2011, Gloston, appearing in pro se, filed a motion for speedy trial under Penal Code section 1389, article III. Counsel was appointed in the Madera case and, not long afterward, Gloston, who was represented by counsel, was sentenced in absentia to three years consecutive to the five-year term imposed in his federal case.

Following the issuance of a certificate of probable cause, Gloston filed a notice of appeal on January 24, 2012.

## *DISCUSSION*

Gloston claims he was denied his federal and state constitutional rights to be present during a critical stage of his criminal proceedings when the trial court revoked his probation and sentenced him to three years in state prison, time to run consecutive to the five-year term he already was serving in federal prison. Although Gloston, through counsel, earlier had given his unconditional consent to be sentenced in absentia on the

2.

Madera case, he claims that when this request was denied by the superior court, his earlier consent became "null and void." Gloston bases this conclusion on the fact that his subsequent motion made pursuant to Penal Code section 1389 did not adopt the "old consent form" or include a "new consent form." We will review the procedural record in detail, concluding that Gloston's argument lacks merit. We affirm.

## I.      *September 6, 2011, letter*

On September 6, 2011, Steven K. Gradert, Assistant Federal Public Defender, wrote a letter addressed to the Clerk of the Madera Superior Court (letter). The letter was filed on September 9, 2011. In it, Mr. Gradert advised that he represented Gloston in a federal prosecution in which Gloston had been sentenced to "60 months incarceration." The letter included an Attachment A reflecting that Gloston pled guilty to a violation of 18 United States Code section 1952, subdivision (a)(3), interstate travel in aid of racketeering enterprises. Imposition of judgment occurred on July 20, 2011.

The letter also stated:

> "[Gloston] has an outstanding probation violation in your case, No. MCR033375. My client would like to dispose of this warrant, which will allow him to participate in programs offered by the Federal Bureau of Prisons that he would not otherwise be permitted to participate in due to the warrant. [Gloston] plans to release to his family in Carlsbad, New Mexico, and has no intention of returning to Madera.

> "I have spoken with his probation officer … in Madera, who advised that under California Penal Code [section] 1203.2(b), it might be possible to request that [Gloston] be revoked and sentenced in absentia, or even terminate and discharge the probation. My client has given me the written authorization (See Attachment B) to proceed in this fashion, if the Court would permit.

> "*It is of course our hope* that the sentence, if any, would not exceed the current Federal sentence and that it would run concurrently with the Federal sentence. If this is possible, I would also request that the Court send my office a copy of the order or judgment and also set aside the pending warrant.

3.

"Please feel free to contact me … if there are any questions about this request or any additional information needed."  (Italics added.)

Also included with the letter was Attachment B, entitled "<u>CONSENT TO REVOCATION OF PROBATION AND SENTENCING IN ABSENTIA</u>" (consent).  It reads:

> "I, [Gloston], after having conferred with my attorney, Steven K. Gradert, Assistant Federal Public Defender for the District of Kansas; after having been advised of my constitutional right to be present at all stages of my pending case, state that I hereby waive such right to be present for my probation violation hearing scheduled in the above-captioned case, and request that my attorney be permitted to seek disposition of the violation by termination of the probation, or alternatively by revocation and sentencing in my absence, pursuant to California Penal Code § 1203.2(b)."

This document was dated August 31, 2011, signed by Gloston, and subscribed and sworn before notary public, S. Vigil.

The record reflects the next action taken by the superior court occurred on September 23, 2011.  On that date, a deputy clerk of the superior court signed what appears to be a form document entitled, "Decision of Request and/or Motion" (capitalization omitted) (form document).  It states, "Your Request to Revoke and Terminate Probation and Sentence in Absentia has been sent to the Judge.  The Judge has reviewed your request and has made the following decision .…"  What follows is a preprinted checked box indicating, "Your request is denied for the following reason: <u>Request was denied by Judge Wayne.  Reason for denial was not provided</u>."  The form document contains a declaration of mailing made by the same deputy clerk indicating she sent the document to Mr. Gradert's office address in Wichita, Kansas.

The letter and consent both cite Penal Code section 1203.2, subdivision (b), as the statutory basis for Gloston's request to have his probation revoked and that he be sentenced in absentia.  Section 1203.2, subdivision (b), simply does not address Gloston's situation, i.e., the relevant procedures for sentencing a probationer in absentia.  Instead, its provisions relate to procedures for the re-arrest of a probationer or person released on

4.

conditional sentence or summary probation, not under the care of a probation officer. Although the form document did not give reasons for the court's denial of Mr. Gradert's request that Gloston be sentenced in absentia, it may well be that the request was denied because the authority upon which it was based was not relevant. In any event, as both Gloston and the People observe, the court's denial of Gloston's request apparently was done without prejudice.

We observe that Penal Code section 1203.2a (as opposed to section 1203.2, subd. (b)) comes closer to applying to Gloston's situation, i.e., where a person is on probation in a California case, is later committed to prison in an out-of-state unrelated case, and wants to be sentenced on the California case. Section 1203.2a, however, requires an incarcerated probationer to give up the right to appear in court *and* the right to counsel during a probation revocation and sentencing hearing.

"Section 1203.2a provides incentives for giving up the right to a personal appearance and representation by counsel, including, for example, the right to obtain sentencing more quickly than under the speedy sentencing time requirements set forth in section 1381,[1] and the right to have any term of imprisonment imposed thereunder 'commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense.' (§ 1203.2a.)" (*People v. Wagner* (2009) 45 Cal.4th 1039, 1053-1054.) Neither the letter nor the consent give any indication that Gloston wanted to be sentenced in absentia *and* not be represented by counsel. To the contrary, the consent specifically states that Gloston wants his attorney to be permitted to seek disposition of Gloston's probation violation by termination of probation or

---

[1]Penal Code section 1381 is inapplicable to Gloston's matter because it is only available to criminal defendants who have multiple felony convictions or prison sentences, *all within the State of California*.

alternatively by revocation and sentencing in Gloston's absence.[2]  As a result, Penal Code section 1203.2a also is not applicable.

## II.    *Motion for speedy trial and sentencing*

On October 7, 2011, Gloston, appearing pro se, signed a document entitled, "MOTION FOR SPEEDY TRIAL, DISPOSITION ON DETAINER PURSUANT TO CALIFORNIA PENAL CODE § 1389, art III;[3] AFFIDAVIT OF WADE A. GLOSTON IN SUPPORT OF SPEEDY TRIAL DISPOSITION ON DETAINER; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT; AND PROOF OF SERVICE" (motion).  It was filed in Madera Superior Court on October 21, 2011.

In the motion, Gloston advised the superior court and the Madera County District Attorney that he had pled guilty to a federal crime and was currently serving the maximum penalty of 60 months in prison at the Federal Prison Camp in Florence, Colorado.  Gloston stated that he had written "a letter addressed to the Superior Court stating that he wanted to be revocated [sic] for violating the terms of his probation and that the court impose a sentence in absentia that could run concurrent with the federal sentence he is now serving.  The Superior Court denied the request and motion without

---

[2]Even if Gloston meant to say that he was consenting to have Mr. Gradert pursue his matter as opposed to appointed counsel on the Madera case, it would not change the fact that Gloston failed to comply with Penal Code section 1203.2a, which required him to sign his written request in the presence of the warden or the warden's representative. (*People v. Wagner, supra,* 45 Cal.4th at p. 1054 [requests for sentencing pursuant to § 1203.2a must be in strict compliance with that section].)

[3]Once again Gloston relies on authority that is inapplicable to his situation.  Penal Code section 1389 applies only to interstate detainers based on untried indictments, informations, or complaints.  Revocation and sentencing hearings are not covered. Gloston obviously sought to have his case resolved quickly and, in fact, that is what occurred.  The Madera Superior Court appointed counsel to represent him just one week after his speedy trial motion was filed.

6.

prejudice."[4] Gloston then requested that the case "be brought to trial or have this matter disposed and or final disposition entered …." Nowhere in the motion did Gloston revoke his consent.

One week later, on October 28, 2011, the public defender's office was appointed to represent Gloston. At defense counsel's request, the matter was continued until November 4, 2011. At the November 4 hearing, Attorney Zack Curtis appeared on behalf of Gloston, who was not present. Mr. Curtis advised the court that Gloston had contacted his prior attorney on the Madera case, Mr. Hirth, who also was present in court. Mr. Hirth asked to be reappointed on the Madera case. He informed the court that Gloston had called him the day before from the federal prison in Florence, Colorado, where Gloston was serving his term. In addition, Mr. Hirth spoke with probation about the case, which was going to "put together a summary recommendation … so that everything can be served with his federal … term." Mr. Hirth, who waived time on behalf of Gloston, indicated that Gloston would not be released until the end of 2014. At Mr. Hirth's request, the hearing was continued until December 9, 2011.

The time came for the December 9 hearing. Mr. Hirth was present on behalf of Gloston and advised the court that Gloston was not present and was in federal custody indicating, "[t]here's a waiver on this in the file." The court stated that the matter was "presumably set for sentencing," and asked whether Mr. Hirth had received a copy of the report. Mr. Hirth advised the court that he had received a copy, stating:

---

[4]Gloston's statement is not accurate. First, he did not write a letter addressed to the superior court—the letter was written by his then attorney, Mr. Gradert. Second, neither Mr. Gradert nor Gloston conditioned Gloston's consent to be revoked and sentenced in absentia on Gloston's receiving a sentence that ran concurrent with his federal sentence. To the contrary, Mr. Gradert said, "[i]t is of course our hope" that the sentence run concurrent to the sentence imposed in Gloston's federal case. The consent itself did not mention what sentence should be imposed in the Madera case—concurrent or otherwise.

"There are some corrections, I believe, as to the aggravated term and the reasoning behind that. [Gloston] is in federal custody, and he's in federal custody on a case that occurred after he was placed on probation. He was absconding at the time that happened. We feel that this should be run concurrent with his federal case, but if the Court feels it should be consecutive to the federal case, then under 654, 668 of the Penal Code, and 1170.1, we believe that the proper term would be one-third to midterm, or eight months. That would come under 1170.1(a) because any conviction would be as if it was in California. Therefore, the punishment should be consecutive and should be one-third the midterm of the original crime. I believe that falls under both 668 and 1170.1"

At Mr. Hirth's request and following his waiver of time on behalf of Gloston, the court "continue[d] the matter for sentencing" to enable the deputy district attorney to "look at the one-third of the median term vs. full consecutive." Sentencing was continued to December 16, 2011.

On December 16, Mr. Hirth appeared on behalf of Gloston, who was not present. The following discussion occurred:

"THE COURT: This is the time and date set for sentencing in this matter. There was an issue as to whether or not [Gloston's] entitled to one-third the median term. The Court's reviewed that. That is not the case. The Court would be required to impose full term consecutive, that's pursuant to People versus Beasley 98 CAL.3RD 779 at page 789, as well as California Rules of Court 4.451 subdivision (b). [¶] Having said that, is there any additions, corrections, or deletions to the report as written?

"MS. WISE: None by the People.

"THE COURT: Mr. Hirth, do you have any additional legal information?

"MR. HIRTH: No, Your Honor. I believe I gave you my opinion on the reading of 1170 at the time we were originally set for sentencing.

"THE COURT: I did. I do recall that.

"MR. HIRTH: And I—

"THE COURT: I did read that section. It reads as you say it reads; however, there's an Appellate Court that says that this is what it actually means.

8.

"MR. HIRTH: It's very interesting that they can change the meaning of the word any federal local or state.

"THE COURT: And the Court adopted Court Rules that the Court's required to follow that says basically the same thing.

"MR. HIRTH: That's fine, Your Honor. I understand that and basically we're ready to proceed.

"THE COURT: All right. Any legal cause why judgment should not now be pronounced?

"MR. HIRTH: No legal cause.

"THE COURT: Waive formal arraignment for judgment?

"MR. HIRTH: So waived.

"THE COURT: In this matter the Court reviewed the file, as well as Probation Department report and recommendation. The Court's inclined to follow the recommendation. We do have a waiver from [Gloston] to appear in this matter. He is asking us to sentence him in absentia, that's why he's not present. The court is inclined to follow the recommendation as I indicated. People versus Beasley 98 CAL.3RD 779, as well as California Rules of Court 4.451 subsection (b) indicate that a commitment out of state is to be basically ignored in the sentencing process. And so the Court's going to do that and follow the recommendation, but I'd be happy to hear any additional comments before I pronounce sentence.

"MR. HIRTH: Just one comment, Your Honor. What district was that out of?

"THE COURT: You know I didn't note that.

"MR. HIRTH: That's okay. I will find it when I file the notice of appeal.

"THE COURT: All right.

"MS. WISE: Your Honor, the name is People v.?

9.

"THE COURT: Beasley, B-e-a-s-l-e-y, 98 CAL.3RD 779 at page 789.[5] And it's California Rules of Court, which I believe applies to all districts, that's 4.451 subdivision (b). [¶] … [¶]

"THE COURT: In this matter, probation is hereby revoked and not reinstated. Count 1, violation of Section 459 of the Penal Code, second degree, the defendant receive—well, let's talk about why probation is not appropriate. He was placed on probation in this matter. He absconded. He committed a federal offense. He's currently in federal state prison. Based upon those issues, the Court believes that probation is not appropriate in this matter.

"Regarding circumstances in aggravation. His prior convictions are numerous. He's on bench probation when he committed the instant offense and the Court could find no mitigating factors applicable. Based upon that, probation is hereby revoked, not reinstated. Count 1, a violation of Section 459 of the Penal Code, second degree, the defendant is ordered to serve the aggravated term of three years to be served in the county jail pursuant to Section 1170 subsection (h)(5)(a) of the Penal Code. Term to be served consecutive to federal case 6-11CR10032-001. And shall commence upon the completion of the term imposed by the federal court in that case."

The balance of the record consists solely of the court's comments related to the imposition of fines and the calculation of time credits.

On January 24, 2012, a notice of appeal was filed by Mr. Hirth on behalf of Gloston. A certificate of probable cause was granted on the basis of Mr. Hirth's declaration stating, "COURT DID NOT HAVE JURISDICTION TO HEAR CASE IN ABSENTIA. ON AUGUST 21, 2011 [GLOSTON] PETITIONED COURT TO SENTENCE HIM IN ABSENTIA. AFTER [COMPLETION] OF HEARING BECAME AWARE OF DENIAL OF PETITION TO SENTENCE IN ABSENTIA SIGNED BY

---

[5]The correct citation is *People v. Veasey* (1979) 98 Cal.App.3d 779. The case was decided by the Second District Court of Appeal, Division 5.

10.

JUDGE RODGER WAYNE ON SEPTEMBER 23, 2011 (COPY ATTACHED)."**6**
Attached to the notice of appeal was a copy of the form document.

Once again we return to the consent itself, which is reproduced verbatim above, and the letter from Mr. Gradert, Gloston's counsel on his federal case. Mr. Gradert makes it clear that Gloston's motivation for seeking sentencing on the Madera case is a simple one—he wanted to participate in programs offered by the Federal Bureau of Prisons that he would not be permitted to participate in due to the warrant. In making this request, however, Mr. Gradert does not condition Gloston's request to be revoked and sentenced on the Madera case upon his receiving a sentence to run concurrent with his federal term. To the contrary, Mr. Gradert writes that "*[i]t is of course our hope* that the sentence, if any, would not exceed the current Federal sentence and that it would run concurrently with the Federal sentence." (Italics added.) A "hope" does not, of course, equate to a condition.

Gloston's consent similarly does not contain any conditions. It states that he has conferred with Mr. Gradert, has been advised of his constitutional right to be present at all stages, and that Gloston agrees to waive this right. Further, he requests that his attorney be "permitted to seek disposition of the violation by termination of the probation, *or* alternatively by revocation and sentencing in my absence .…" (Italics added.) Gloston, like Mr. Gradert, does not condition his consent to be revoked and sentenced in absentia upon his receiving a sentence to run concurrent with his federal term.

---

**6**We are uncertain to what date the notice of appeal intended to refer since there is no evidence in the record that Gloston made any petition to be sentenced in absentia on August 21, 2011. The notice of appeal, however, clearly is focused on Gloston's request *to be sentenced* in absentia. This is further supported by reference to Judge Wayne's denial of the petition *to sentence in absentia*, which the record shows was signed on September 23, 2011.

Our view of the evidence is entirely consistent with Mr. Hirth's handling of Gloston's probation revocation and sentencing hearing on December 16. Mr. Hirth actually spoke to Gloston prior to the hearing on November 4, 2011. Later, counsel advised the court that there was a "waiver" on file. The court and Gloston's counsel focused entirely on sentencing-related issues with Mr. Hirth arguing for concurrent sentencing and, failing that, contending that Gloston should receive "one-third of the median term vs. full consecutive." The case was continued to enable the prosecutor to check out whether this was a viable sentencing option. Based on *People v. Veasey, supra,* 98 Cal.App.3d 779, and California Rules of Court, rule 4.451(b), the court concluded that, because the other sentence was not imposed by a California court, any consecutive sentence must be a full term, not one-third of the middle term. After the court explained this, Mr. Hirth stated there was no legal cause not to pronounce judgment.[7]

After thoroughly reviewing the record, we conclude there is no evidence that Gloston withdrew his consent in the Madera case. He was on felony probation, which included terms and conditions that he obey all laws, including all federal laws. Gloston admitted on multiple occasions that he had pled guilty to federal charges of racketeering and was serving five years in federal prison. He wanted to participate in programs offered by the Federal Bureau of Prisons that he was ineligible to take advantage of as long as there was an outstanding warrant in the Madera case. There also was no doubt that he absconded.

---

[7]Although a notice of appeal is not evidence, Mr. Hirth indicates in it that, "after [completion] of hearing became aware of denial of petition to sentence in absentia signed by Judge Rodger Wayne on September 23, 2011." (Capitalization removed.) We presume this means Mr. Hirth was unaware of the court's denial of Gloston's request since the record reflects that Gloston clearly was aware of the denial and his former counsel, Mr. Gradert, was provided with written notice of the denial.

Penal Code section 1193 provides the procedural framework for sentencing in absentia as was done here. It states that a defendant may in a notarized writing request that judgment be pronounced in absentia. This is the procedure that Gloston followed.

Gloston contends that the superior court was deprived of jurisdiction to sentence him in absentia at the December 16 hearing because it had denied his earlier request, his waiver was attached to that request, and he executed no new waiver. This argument is based on the principle that a superior court judge is not authorized to overrule or disregard the ruling of another superior court judge. The court's action in this case, however, did not violate this principle.

The denial of Gloston's earlier request for sentencing was done without prejudice, and at the December 16 hearing, the court was acting on Gloston's renewed request to be sentenced. There is no authority for his argument that the consent he gave with the earlier request became inoperative when that request was denied, as if the consent were an offer to make a contract and the court's ruling were a rejection of an offer. Gloston never expressly revoked that consent. We conclude, therefore, that Gloston's argument the court lacked jurisdiction to sentence him in absentia on December 16 is without merit.

## *DISPOSITION*

The judgment is affirmed.

13.